UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALIN TIJERINA,<br><br>         Plaintiff,<br><br>v.<br><br>CALIBER HOLDINGS CORPORATION, et al.,<br><br>         Defendants. | Case No. 19cv1213-JAH (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION (Doc. No. 7)** |

## INTRODUCTION

Pending before the Court is Defendant Caliber Holdings Corporation's ("Defendant") motion to compel arbitration and dismiss the case ("Motion"). See Doc. No. 7. Plaintiff Kalin Tijerina filed responses in opposition. See Doc. Nos. 11, 12. The Motion is fully briefed. After careful consideration of the pleadings filed by both parties, and for the reasons set forth below, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

On June 28, 2019, this case was removed to this Court from Superior Court of California San Diego County. See Doc. No. 1. Plaintiff alleges that Defendant "misclassified Plaintiff as an exempt employee, failed to pay Plaintiff overtime wages, failed to provide her with meal and rest periods, failed to provide her with accurate itemized wage statements, and failed to pay all wages when her employment was terminated." Doc.

1

No. 1 at pg. 3.  Plaintiff asserts six causes of action for Defendant's alleged violations of California state law and asserts that this Court has diversity jurisdiction over the case.  See Doc. No. 1.  Defendant filed an answer to the complaint on June 28, 2019.  See Doc. No. 2.  On August 9, 2019, Defendant filed the Motion.  See Doc. No. 7.  Plaintiff filed responses in opposition on September 3, 2019 and September 6, 2019.  See Doc. Nos. 11, 12.  Defendant filed a reply on September 9, 2019.  On September 9, 2019, this Court issued an Order vacating the hearing date and taking the Motion under submission.  See Doc. No. 14.

## DISCUSSION

### I. Legal Standard

The Federal Arbitration Act governs the question of arbitrability.  See 9. U.S.C. § 4. Arbitration is a matter of contract and courts cannot require a party to arbitrate unless that party has agreed to do so.  United Steelworkers of America v. Warrior & Gulf, 363 U.S. 574, 582 (1960).  Doubts as to whether the arbitration clause covers the dispute at issue should be resolved in favor of coverage.  Id. at 582-83.  Clauses requiring arbitration of claims "arising out of or relating to" a contract are considered broad.  Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 398 (1967).  The preference for arbitration is particularly strong when the arbitration clause is broad.  AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986).  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).  As such, there is a liberal policy favoring arbitration. See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).  A court interpreting an arbitration clause applies state law principles of contract interpretation and must give "due regard…to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved

in favor of arbitration." Volt Information Sciences, Inc. v. Board Trustees of Leland Stanford Junior University, 489 U.S. 468, 475-76 (1989) (internal citation omitted)."

## II. Analysis

In its Motion, Defendant argues that Plaintiff voluntarily agreed to arbitrate any potential claims against Defendant when Plaintiff initialed the arbitration provision and signed the employment document on December 15, 2000. Doc. No. 7-1 at pgs. 6-7. Defendant asserts that the arbitration provision states, in its entirety:

"I hereby agree to submit to binding arbitration all disputes and claims arising out of the submission of this application. I further agree, in the event that I am hired by the company, that all disputes that cannot be resolved by informal internal resolution which might arise out of my employment with the company, whether during or after that employment, will be submitted to binding arbitration. I agree that such arbitration shall be conducted under the rules of the American Arbitration Association. This application contains the entire agreement between parties with regard to dispute resolution, and there are no other agreements as to dispute resolution, either written or oral."

Id.

Defendant argues that this arbitration agreement is fair and enforceable; that Plaintiff's claims are subject to this agreement; and that Plaintiff knowingly breached the arbitration agreement by refusing to arbitrate her claims. Id. at pgs. 6-8. Defendant contends that the arbitration agreement is valid, and there is no reason to revoke this agreement. Id. at pgs. 10-15. Defendant asserts that the arbitration agreement is not procedurally or substantively unconscionable. Id. at pgs. 15-18.

In response, Plaintiff asserts that the arbitration agreement was rescinded by the Receipt of Associate Guidebook (the "Acknowledgment"). Doc. No. 11 at pgs. 8-11. Plaintiff cites the pertinent language of the Acknowledgement of Receipt: "It supersedes all prior agreements, understanding and representations concerning [Plaintiff's] employment with the Company." Id. at pg. 8. Plaintiff argues that the arbitration agreement is illusory because Defendant had unfettered discretion to alter the agreement. Id. at pgs. 11-13. Plaintiff also argues that the arbitration is both procedurally and

3

substantively unconscionable. Id. at pgs. 13-22. Plaintiff contends that this unconscionability cannot be cured. Id. at pgs. 22-23.

The Court finds that the arbitration clause here is broad, valid, and enforceable. The Court also finds that the Acknowledgement of Receipt is silent as to arbitration, and the sentence preceding the integration clause of the Acknowledgment states: "My signature below certifies that I understand that the foregoing agreement on at-will status is the sole and entire agreement between the Company and me concerning the duration of my employment and the circumstances under which my employment may be terminated." See Doc No. 13 at pgs. 3-4, Kalin Decl., Exh. A. The California Court of Appeals has ruled that absent a showing that a termination agreement expressly or implicitly is inconsistent with an arbitration clause, a plaintiff cannot rely on a termination agreement's silence about dispute resolution to demonstrate that the agreement superseded the arbitration clause. See Oxford Preparatory Academy v. Edlighten Learning Solutions, 34 Cal. App. 5th 605, 611 (2019). The Court finds that Oxford Preparatory Academy is applicable here in that the superseding clause Plaintiff relies on is silent with respect to arbitration and the arbitration provision is cited elsewhere within the Associate Guidebook. See Doc No. 13 at pgs. 3-4, Kalin Decl., Exh. A. Accordingly, the Court finds that the Acknowledgement of Receipt does not supersede the previous arbitration agreement. The Court will now address Plaintiff's assertions of procedural and substantive unconscionability.

In California, procedural unconscionability refers to "the manner in which the contract was negotiated and the circumstance of the parties at the time." A & M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 486 (1982). It has two components, oppression and surprise. Kinney v. United Healthcare Services, Inc., 70 Cal. App 4th 1322, 1329 (1999). Oppression arises from inequality of bargaining power resulting from a lack of negotiation and the absence of meaningful choice on the part of the weaker party. A & M, 135 Cal. App. 3d at 486. Oppression may be established by showing that the contract was one of adhesion or that the "totality of the circumstances" surrounding the negotiation and formation of the contract were oppressive. Poulon v. C.H. Robinson Company, 846 F.3d

4

1251, 1348 (9th Cir. 2017). California courts have found that the adhesive nature of the contract may establish some degree of unconscionability, but have not adopted a rule that an adhesion contract is *per se* unconscionable. Sanchez v. Valencia Holding Co., *LLC*, 61 Cal. 4th 899, 914-15 (2015).

In the employment context, if an employee is required to sign a non-negotiable agreement as a condition of employment, but "there is no other indication of oppression or surprise," then "the agreement will be enforceable unless the degree of substantive unconscionability is high. Serpa v. Cal. Cur. Investigations, Inc., 215 Cal. App. 4th 695, 704 (2013). Agreements that are substantively unconscionable must contain "terms that impair the bargaining process," terms that "contravene the public interest or public policy," terms that "alter in an impermissible manner fundamental duties otherwise imposed by the law," "fine-print terms," or "provisions that seek to negate the reasonable expectations of the nondrafting party." Baltazar v. Forever 21, Inc., 62 Cal. 4th 1237, 1244-45 (Cal. 2016) (quoting Sonic-Calabasas A, Inc. v. Moreno, 57 Cal. 4th 1109, 1145). The doctrine of substantive unconscionability exists to ensure that contracts do not impose terms that are "overly harsh," "unduly oppressive," "so one-sided as to shock the conscience, or "unfairly one-sided." *Id*. at 1244.

The Court finds that Plaintiff has not shown facts sufficient to support a procedural unconscionability finding. The Court additionally finds the degree of substantive unconscionability low. Serpa v. Cal. Sur. Investigations, Inc., 215 Cal. App. 4th 695, 704 (2013). Indeed, looking to the language of subject documents, the Court notices no term which shocks the conscience, contravenes public policy, or otherwise impermissibly alters the fundamental duties imposed by law. Accordingly, the Court finds that the arbitration agreement is valid.

//

//

//

//

5

## CONCLUSION

Based on the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion (Doc. No. 7) is **GRANTED**, and Plaintiff's complaint is **dismissed with prejudice**.

**IT IS SO ORDERED**.

DATED: September 25, 2019

*[signature]*
JOHN A. HOUSTON
United States District Judge